Shapkeleord, J.,
delivered the opinion of the Court.
The only question presented for our consideration in this case, arises upon the computation of interest on the notes executed by the defendant, for the collection of which the complainant has filed this bill in the Chancery Court of Davidson. The Chancellor directed a reference to the Clerk & Master, to ascertain and report the amount due, from which report it appears that the defendant, in January, 1855, executed his four *580 promissory notes, of ten thousand dollars each, with interest from date, severally due in six, seven, eight, and nine years — the last note, hearing interest at ten per cent., stating in the face of the note, that it was the legal interest in Arkansas, where the contract was executed. In computing the interest, the Clerk calculated the interest on the note to the time of its maturity, according to its tenor and date, and added the interest thus calculated to the principal, and then calculated the interest upon the sum of both principal and interest, from the maturity of the note to the rendition of the decree. The Constitution of 1884, provides: “The Legislature shall fix the rate of interest, and the rate so established shall be uniform throughout the State.” Section 1944 of the Code, provides, that interest shall be at the rate of six dollars for the use of one hundred dollars for one year; any excess over that is usury. Section 1945, provides, that all bills single, bonds, notes, and bills of exchange, shall bear interest from the time they became due. Section 1946, provides: “The time from which interest may be computed, shall be the day when the debt is payable, unless another day be fixed in the contract.” The Code, in section 1943, has defined interest to be, “the compensation which may be demanded by the lender from the borrower, or the creditor from the debtor.” Interest, therefore, is a consequence growing out of the use of money loaned, or the damages fixed by law for the non-performance of contracts. It is a legal incident attaching to all contracts that come within the purview of the law allowing interest. The parties cannot stipu *581 late for a greater rate than six per cent, unless the law where the contract is made allows a higher rate. In the contract, in the case under consideration, the parties fix the time at which the interest shall commence, which was at the date of fihe note. The sum that would accrue from the date of the note to its maturity, was a part of the consideration of the contract, or was a compensation for the use of the money loaned. It cannot, by the terms of the contract, be treated as principal, unless made so by operation of law. The law defines it to be the compensation, by the debtor to the creditor, for the use of the money; or when property is sold, and the interest commences running from the date of the contract, the amount thus accruing is an incident or consequence growing out of the contract, which the parties have the right to stipulate for. And on the maturity of the note, to add the accrued interest to the principal, would be giving interest upon interest, and would savor of usury, which is prohibited by law. The creditor has a right to receive the interest: it arises by reason of the contract; but it being an incident growing out of it, unless he collects the same, it cannot, by operation of law, become a part of the principal before the rendition of a judgment in which interest can be charged. The question under consideration, came incidentally before this Court, in the case of Numalee vs. Morton, Cook’s Rep., 21. It arose upon a question of pleading, whether the interest should be demanded as debt or damages. The Court said, that “there was no good reason why a party should demand as principal debt, that which is *582 really a consequence of it, and which will not carry interest. Perhaps the interest is in each case, whether accruing by contract or by operation of law, only considered de incremento. After judgment is recorded, under our laws, interest is converted into principal, and both demand interest until the money is paid. Campbell, Justice, dissented from the opinion of the Court in the case referred to, and was of opinion that the interest became principal upon the maturity of the note; but as the question arose on the pleading, the principle was not definitely settled. The mode of computing interest, when payments have been made, came before this Court in the case of Jones vs. Ward, 10 Yer., 170, in which it was held, that the principle was correctly laid down in 1 Johnson’s Chancery Reports, 17, Jackson vs. The State of Connecticut. Upon an examination of that case, it will be found interest upon interest is not allowed, and the uniform course of decisions is against it, as being a hard and oppressive exaction, and tending to usury. “Even in an original agreement,” the Court says, “at the time of the loan or contract, that if interest be not paid at the end of the year, it shall be deemed principal, and carry interest; such a provision would not amount to usury, but the Court would not give effect to such a provision.” The English authorities were reviewed in that case, and the conclusions of the Chancellor were, that the principle was founded on reason and sound policy. He says: “Interest upon interest, promptly and incessantly accrued, would, as a general rule, be harsh and oppressive. Debt would accumulate with a rapidity be *583 yond all ordinary calculation and endurance. Common business could not sustain such overwhelming accumulations. It would tend, also to influence the avarice and harden the heart of the creditor; he can collect it and turn it into principal when he pleases, and we may safely leave this benefit to rest upon his own vigilance or his own indulgence.”
This is the principle settled in the case referred to by this Court as correctly laid down for the computation of interest. We might rest the case here upon the authority of Chancellor Kent, as approved by our own Court; but as there is much conflict of decisions in the American authorities, we will briefly examine them.
In 6 Johnson, Chan. Rep., 313, this question again came under review, in which it was held compound interest can only be admitted on the face of a written agreement, made after the interest upon which the agreement operates, has fallen due. He adds: “It is equally objectionable as an agreement made at the time of the original contract or loan, that compound interest should begin and run upon the lawful interest the moment it falls due, whether payable yearly or semiannually. Such agreements are oppressive. To exact from the debtor interest upon, interest, without a previous special agreement for that purpose, is inadmissible.”
The same principle was recognized and held in 5 Page, 102; 11 Page, 230. In the case of Wilcox vs. Howland, 23 Pick., 169, the defendant had. executed his note for the interest. The court, upon a view of the authorities, said: “The result of the doc *584 trine upon this subject seems to he, that a contract to pay compound interest is not usurious, or void; that an agreement to pay interest annually or semiannually, is valid, and may he enforced by action. That a claim for interest on such interest is an equitable claim; but then on an action brought, interest will not be allowed on interest from the time it fell due, because it would savor of usury, and because the holder of the note, by forbearing to call for his interest when it became due, shall be deemed to have waived his right to have the interest converted into capital.”
The same principle was held in 15 Metcalf, 66; 16 Mass., 227; 8 Mass., 456; 2 Carling, 98. See also 11 Conn. Reports, 487; 17 Conn. Reports, 247.
In 35 Maine Reports, Banister vs. Roberts, it was held that interest upon interest could not be recovered.
In Pennsylvania, (1 Bumers, 165,) the same principle was recognized and held — that interest upon interest could not be recovered. In Virginia, in the case of Granbury vs. Granbury, 1 Washington Reports, it was held, interest could not be converted into principal so as to carry interest; 3 Mumford’s Reports, 41, and 1 Randolph, 113.
We have been referred to the case of Keon vs. Dickerson, Taylor’s Law and Equity Reports, 435, as an authority to sustain the principle of allowing interest upon interest. The question arose in that case, upon a bond executed at long date, interest payable annually, given for the purchase of a tract of land. The Court says: “From the terms of the bond, it was *585 a stipulation to pay tbe amount annually, and became a part of the contract, and interest was allowed on the several annual installments;” but says, “as a general rule, interest upon interest is not allowable.”
In the case in 2 Nott & McCord’s Reports, 88, a majority of the Court held, interest upon interest was allowable, and cited Taylor’s Reports, and 2 Mass. Reports, 568, as authority to sustain the position. Two of the Judges dissented, and it will be seen the-case in 2 Mass. has long since been overruled by the cases in 8 and 16 Mass., and 23 Pickering, referred to in this opinion. In Michigan and Vermont, it seems to be settled, that interest upon interest can be recovered.
This question has been frequently before the English courts, and no principle of law seems to have been more clearly and definitely settled, than that interest upon interest will not be allowed. In 1 Pier Williams, 652, the Court says: “A Master’s report, computing interest, makes the interest principal, because it is in the nature of a judgment; but if the mortgagee sign an obligation, he owes so much money due for interest, I question whether this will make the interest principal, because of itself it does not show any agreement or intent to alter the interest or nature of that part of the debt, or turn it into principal.” In 9 Vesey, Jr., 223, a like principle was held: “Contracts for compound interest, which signifies the adding of growing interest of any sum to the sum itself, and then taking interest upon this accumulation, have been considered in equity as illegal:” Vol. *586 1, Law Library, 147. In 2 Salkhead, 449, it was held: “Interest upon interest was illegal, and would not be allowed.” In 1 Vesey, Jr., 99, an application was made to the Court to allow interest upon interest. Lord Thurlow said: “My opinion is in favor of interest upon interest, because I do not see any reason, if a man does not pay interest when he ought, why he should not pay interest; but I have found the Court in the constant habit of ruling to the contrary, and I must overturn all the proceedings of the Court if I give it.” Upon a review of all the authorities, American and" English, on this question, that we have been able to examine, we are satisfied that the weight of authority is against the principle of allowing interest upon interest, before the rendition of a judgment. The note for ten thousand dollars, due in nine years from date, with interest at the rate of ten per cent, from its date, having been executed in the State of Arkansas, and that being the conventional rate of interest allowed by law in that State, will be governed by the lex loci con-tractu, and the interest thereon will be computed at the rate fixed by the parties; but the mode of computation will be in accordance with the principles of this opinion.
The decree of the Chancellor will be reversed; the interest will be calculated according to the principles laid down in this opinion; and the cause remanded.